# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

  vs.              Case No. 16-10133-EFM

KEVIN HAMILL,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kevin Hamill's Motion for Release from Custody and Motion to Appoint Counsel (Doc. 26).  He seeks early release from prison due to the COVID-19 pandemic and the appointment of counsel to help him with his compassionate release motion.  The government opposes Defendant's request for release.  For the reasons stated in more detail below, the Court denies Defendant's motion.

## I.  Factual and Procedural Background

On January 12, 2017, Defendant pleaded guilty to an Information charging Defendant with possession with intent to distribute 50 grams or more of a mixture of methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B).  On April 6, 2017, Defendant was sentenced to 70 months' imprisonment and four years' supervised release.[1]

Defendant is 32 years old, and he is currently incarcerated at Milan FCI.  There have been 94 positive cases in the facility in which Defendant is housed, and three inmates have died.[2] Currently, there are 18 active inmate cases, seven active staff cases, and six pending inmate tests. Defendant's projected release date is August 26, 2022.

On October 21, 2020, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19.  He states that due to the underlying health condition of latent tuberculosis, he is more susceptible to COVID-19.  He also contends that COVID-19 is spreading throughout the prison.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

---

[1] Defendant's sentence was to run consecutive to a 15-month revocation sentence imposed in Case No. 14-101600.

[2] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited December 8, 2020).

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4]  The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in the defendant's

---

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.    Analysis

Defendant seeks early release based on the spread of COVID-19 in prison.  The government asserts that Defendant is not an appropriate candidate for early release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden which was denied on June 19, 2020.  The government also admits that Defendant meets the exhaustion requirement.  Thus, the Court will proceed and determine the merits of Defendant's motion.

### B.    Extraordinary and Compelling Reasons

Defendant next asserts that his medical condition of latent tuberculosis coupled with the outbreak of COVID-19 constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  Defendant fails to present the Court with an appropriate reason. Tuberculosis is not listed as a condition that is at increased risk of serious complications should Defendant contract COVID-19.  Furthermore, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[8]   Accordingly, because

---

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[8] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

Defendant does not make any individualized showing about his increased vulnerability to contracting COVID-19 and having significant or severe health issues, he does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

## C.     Counsel

Defendant also requests the appointment of counsel to assist with the preparation and briefing of his compassionate relief motion.  As noted above, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.  There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[9] Furthermore, Defendant's motion demonstrates that he adequately articulates his arguments for relief.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release from Custody and Motion to Appoint Counsel (Doc. 26) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2020.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).